IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| KEVIN DALE TEEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-85-Z |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**ORDER OVERRULING OBJECTIONS,
ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
AND
DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**

On April 24, 2020, the United States Magistrate Judge entered findings and conclusions (ECF No. 17) on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (the "Motion to Vacate, Set Aside, or Correct Sentence") (ECF No. 3). The Magistrate Judge RECOMMENDS that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence be DISMISSED. On May 13, 2020, Petitioner filed objections to the findings, conclusions, and recommendation (ECF No. 18). After making an independent review of the pleadings, files, and records in this case and the findings, conclusions, and recommendation of the Magistrate Judge, the Court concludes that the findings and conclusions are correct. For the reasons below, Petitioner's objections are OVERRULED.

**I. PETITIONER'S OBJECTIONS**

From examining Petitioner's well-organized filing, the Court ascertains three objections to the Magistrate Judge's findings, conclusions, and recommendation. These objections may be summarized as follows. First, Petitioner objects that the Magistrate Judge failed to consider the

Supreme Court's holding in *Holland v. Florida*, 560 U.S. 631 (2010), which "noted equitable tolling is appropriate where extraordinary circumstances are presented." ECF No. 18 at 2. Second, Petitioner objects that the Magistrate Judge's conclusion that his claims are not cognizable under 28 U.S.C. § 2255 is "directly refuted by the plain language of the statute." *Id.* at 3. Third, Petitioner objects that he is "actually innocent of [his] predicates." *Id.* at 6 (internal quotation marks omitted); *see also id.* at 4 (addressing the Magistrate Judge's recommendation on Petitioner's actual innocence claim). However, all three objections are insufficient for this Court to set aside the Magistrate Judge's findings and conclusions.

Regarding the first objection, the Magistrate Judge did not err in failing to mention the Supreme Court's holding in *Holland*. To review, the Magistrate Judge first found that Petitioner's claims were subject to a one-year period of limitation under 28 U.S.C. § 2255 and that "Petitioner's motion to vacate was thus due on or before July 31, 2016, unless equitably tolled." ECF No. 17 at 17 (emphasis in original omitted). Then, she noted that "[e]quitable tolling is applied restrictively and only in rare and exceptional circumstances." *Id.* at 18 (internal marks omitted). Finally, she observed that nothing in the Petitioner's circumstances "r[o]se[] to the level of rare or exceptional circumstance that would warrant equitable tolling." *Id.* (internal marks omitted). She therefore concluded that Petitioner's claims are barred under 28 U.S.C. § 2255(f) because (1) Petitioner's Motion was filed on April 29, 2017—almost nine months after July 31, 2016—and (2) equitable tolling did not apply to Petitioner.

Nothing in *Holland* affects this analysis. To the contrary, the Supreme Court in that case *adopted* much of the existng Fifth Circuit jurisprudence on equitable tolling *vis-à-vis* the one-year period of limitation. *See Holland*, 560 U.S. at 645 ("We have not decided whether AEDPA's statutory limitations period may be tolled for equitable reasons. Now, like all 11 Courts of Appeals

that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases." (citations omitted)). Specifically, the *Holland* Court stated that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 649 (internal marks omitted).

Assuming *arguendo* that *Holland* applies in the instant case, Petitioner fails to show that the second part of the test has been met. He simply repeats his argument that the Federal Bureau of Prisons ("BOP") "prohibit[ed] inmates from possessing thier [*sic*] presentence investigative report" and that this "created an actual impediment" to a timely filing of his Motion. ECF No. 18 at 2. But this argument was already addressed ably in the Magistrate Judge's analysis. *See* ECF No. 17 at 14–15. Specifically, BOP's policy only prohibits inmates from *physically* possessing a presentence report and expressly *permits* them to receive the report through mail and to review it in a controlled setting. Hence, Petitioner's first objection fails because he has not met the second part of the *Holland* test for equitable tolling.

Regarding the second objection, the Magistrate Judge did not err in her reading of 28 U.S.C. § 2255 as Petitioner alleges. 28 U.S.C. § 2255 states in relevant part that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner makes the threadbare claim that his sentence was imposed "in violation of the Constitution or laws of the United States," specifically in light of *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017), *supplemented by* 854 F.3d 284 (5th Cir. 2017). However, this claim was discussed at length by the Magistrate Judge, *see* ECF No. 17 at 8–13, and Petitioner does not address her analysis in any way. Hence,

Petitioner's second objection fails because he has not shown that his claims are cognizable under 28 U.S.C. § 2255.

Regarding the third objection, the Magistrate Judge did not err in (1) declining to find that the "actual innocence" exception to the one-year period of limitations applied to defaulted claims in noncapital sentencing matters, and (2) finding that even if the exception did apply, Petitioner failed to show that he was legally ineligible for the sentence imposed *at the time he was sentenced*. Aside from two bare citations to *Hinkle* and *Tanksley*, Petitioner offers no response to the Magistrate Judge's analysis of this objection. Consequently, Petitioner's third objection fails because he has not shown that the "actual innocence" exception applies in his case.

## II. ORDER

For the reasons stated above, it is therefore ORDERED that Petitioner's objections (ECF No. 18) are OVERRULED, that the findings, conclusions, and recommendation of the Magistrate Judge (ECF No. 17) are ADOPTED, and that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 3) is DISMISSED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability because petitioner has failed to make "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The Court ADOPTS and incorporates by reference the Magistrate Judge's findings, conclusions, and recommendation filed in this case in support of its finding that petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would

find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Id.* at 484.

If Petitioner files a notice of appeal, he may proceed *in forma pauperis* on appeal. *See* Federal Rule of Appellate Procedure 24(a)(3).

**SO ORDERED.**

May 26, 2020.

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE